# Exhibit A – Plaintiff's Complaint

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>18TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>15-3374 | JOSEPH K. SHEERAN<br>P# 28575 |
|---|---|---|---|

Court address: 1230 Washington Ave., Bay City, MI 48708

Court telephone no. (989) 895-4265

**Plaintiff's name(s), address(es), and telephone no(s).**
BARBARA E. HINE

v

**Defendant's name(s), address(es), and telephone no(s).**
HOME DEPOT USA, INC., a foreign corporation

Resident Agent:
CSC LAWYERS INCORPORATING SERVICE
601 ABBOT ROAD
EAST LANSING, MI 48823

**Plaintiff's attorney, bar no., address, and telephone no.**
VICTOR J. MASTROMARCO, JR. (P34564)
THE MASTROMARCO FIRM
1024 N. Michigan Ave.,
Saginaw, MI 48602
989-752-1414

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 6/26/15 | This summons expires 9/25/15 | Court clerk Cynthia A. Kuczak |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Bay County, Michigan | Defendant(s) residence (include city, township, or village)<br>Bay County, Michigan |
|---|---|

Place where action arose or business conducted
Bay County, Michigan

06/22/2015
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT Case No. 15- NO |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____
Name (type or print) _____
Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date
My commission expires: _____  Signature: _____
                        Date                    Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                                    Day, date, time
_____ on behalf of _____.
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

BARBARA E. HINE,

    Plaintiff,

v.

HOME DEPOT USA, INC.,
a foreign corporation,

    Defendant.

_____/

Case No. 15-3374-NO
Hon.

JOSEPH K. SHEERAN
P# 28575



THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

_____/

There is no other pending or resolved civil action arising out of
the transactions or occurrences alleged in the Complaint.

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, BARBARA E HINE, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, HOME DEPOT USA, INC. (hereinafter referred to as Home Depot), stating more fully as follows:

### COMMON ALLEGATIONS

1.    That plaintiff Barbara E Hine at all times material hereto, is a resident of the County of Bay, State of Michigan.

2. That Defendant Home Depot is a domestic profit corporation doing business in the County of Bay, State of Michigan.

3. That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND DOLLARD ($25,000.00) exclusive of costs, interest and attorney fees.

4. That on or about July 12, 2013, plaintiff was shopping as an invitee at the Defendant Home Depot for the specific and particular purpose of visiting their Garden Center.

5. That at said time and place, Plaintiff parked at the closest handicap parking spot to the Home Depot Garden Center which has a separate entrance from the main entrance.

6. That after having completed her shopping in the Garden Center, and as Plaintiff was on her way out of the store when she encountered multiple hoses which were strung across the common way and entranceway to the Garden Center.

7. That as Plaintiff attempted to negotiate said hoses on her way out of the Garden Center, she tripped on one of the hoses, and fell breaking her hip.

8. That Plaintiff is presently 86 years old with a date of birth of November 9, 1928.

9. That as a direct and proximate result of the negligent placement of the hoses, the Defendant prevented egress or ingress to the building and Garden Center, by creating a hazard which was unreasonably dangerous, causing these injuries and damages to the Plaintiff.

10. That at all times material hereto, Defendant Home Depot was and is an all-purpose garden, hardware, appliance and building company open to the public and as such had a special relationship with the Plaintiff as a business invitee.

11. That as a business open to the public, the Defendant Home Depot owed to Plaintiff a heightened duty of care.

12. That by virtue of the special relationship between the Defendant Home Depot and the invitee Plaintiff, Defendant had a duty to aid, protect and warn Plaintiff of any hazards.

13. That the Defendant Home Depot did breach its duties by failing to protect the Plaintiff from the hazards and obstacle course that they had set out for their customers on the way it into the Garden Center.

14. That it would not have been reasonable to allow such obstacles and obstacle course to exist for patrons and/or certified handicappers.

15. That at all times material hereto, Plaintiff was free from any wrong-doing and/or negligence.

16. That Defendant's actions constitute negligence and/or premise liability

17. That Defendant's actions constitute a denial of public accommodations in violation of the Persons with Disabilities Civil Rights Act.

18. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from serious personal injuries, including a broken hip, hematomas in the right shoulder and all associated sequelae.

19. That as a direct and proximate result of the Defendant's unlawful actions,

Plaintiff has suffered and continues to suffer from economic damages, including medical expenses and future medical expenses.

20. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from non-economic damages, including but not limited to emotional distress, mental anguish, shock, fright humiliation and embarrassment, mortification, nervousness, depression and anxiety, denial of social pleasures and disruption of lifestyle.

21. That Plaintiff hereby claims any and all damages available under the Persons with Disabilities Civil Rights Act, including reasonable attorney fees. MCL § 37.1606.

22. That plaintiff hereby makes a claim for all costs, interest and attorney fees and any other type of relief allowed under statute or common law.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest and attorney fees as well as any other legal or equitable relief this Court deems just.

## COUNT I – NEGLIGENCE/PREMISES LIABILITY

23. That Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

24. That at all times material hereto, Defendant was a business open to the public and owed to invitee Plaintiff a heightened duty of care.

25. That Defendant had a duty to its invitees in general and Plaintiff in the particular to make its property reasonably safe and free from all hazards and/or to warn invitees and Plaintiff of the dangerous conditions that existed upon its premises.

26. That Defendant created a hazard by placing hoses across the entry/exit way to the garden section of its store.

27. That Defendant specifically created a hazard and permitted said hazard to exist across the only means of ingress and egress into the garden of its store.

28. That said hazard had special aspects that created an unreasonable risk of harm.

29. That the hazard was effectively unavoidable to any invitee entering or exiting the garden section of Defendant's store.

30. That the manner in which Defendant maintained the subject hoses effectively forced Plaintiff to confront the unreasonably hazardous condition.

31. That Defendant's actions constitute negligence and/or premise liability.

32. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from serious personal injuries, including a broken hip, hematomas in the right shoulder and all associated sequelae.

33. That as a direct and proximate result of the Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from economic damages, including medical expenses and future medical expenses.

34. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from non-economic damages, including but

not limited to emotional distress, mental anguish, shock, fright humiliation and embarrassment, mortification, nervousness, depression and anxiety, denial of social pleasures and disruption of lifestyle.

35. That Plaintiff hereby makes a claim for any and all costs, interest, attorney fees and any other type of relief allowable under statute or common law.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest and attorney fees as well as any other legal or equitable relief this Court deems just.

## COUNT II – DENIAL OF PUBLIC ACCOMMODATIONS IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

36. That Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 of her Common Allegations and paragraphs 23 through 35 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

37. That the Persons with Disabilities Civil Rights Act declares that the full and equal utilization of public accommodations is guaranteed and a civil right. MCL § 37.1102(1).

38. That the Persons with Disabilities Civil Rights Act makes it unlawful for a person to:

> Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a public place or accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations. . . .

MCL § 37.1302(a).

39. That at all times material hereto, Plaintiff has a determinable physical or mental characteristic, resulting from disease, injury or functional disorder that is unrelated to Plaintiff's ability to utilize and benefit from a place of public accommodation or services. MCL §§ 37.1103(d)(*i*)(B), 37.1103(*l*)(*ii*).

40. That at all times material hereto, Defendant's Garden Center is a facility whose goods, services, facilities, privileges, advantages and/or accommodations and services were and are offered or otherwise made available to the public.

41. That at all times material hereto, Defendant's Garden Center was and is a place of public accommodation as defined by MCL § 37.1301(a).

42. That Defendant discriminated against Plaintiff on the basis of her disability by failing to provide an accessible entry/exit way to the garden section of its store.

43. That because of Plaintiff's disability, Plaintiff could not navigate the obstacle course of hoses set by Defendant without risk of serious injury.

44. That Defendant's failure to provide an accessible entry/exit way to the garden section did in fact cause Plaintiff to suffer a serious bodily injury.

45. That Defendant's actions constitute a denial of the full and equal enjoyment of a public place and/or place of public accommodation and/or services in violation of the Persons with Disabilities Civil Rights Act.

46. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from serious personal injuries, including a broken hip, hematomas in the right shoulder and all associated sequelae.

47.     That as a direct and proximate result of the Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from economic damages, including medical expenses and future medical expenses.

48.     That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and continues to sustain severe non-economic damages, including but not limited to emotional distress, mental anguish, shock, fright, embarrassment, harassment, depression, anxiety, nervousness and disruption of lifestyle.

49.     That Plaintiff hereby claims any and all damages available under the Persons with Disabilities Civil Rights Act, including reasonable attorney fees. MCL § 37.1606.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest and attorney fees as well as any other legal or equitable relief this Court deems just.

                                                  Respectfully submitted,
                                                  THE MASTROMARCO FIRM

Dated: June ____, 2015        By: _____
                                                  VICTOR J. MASTROMARCO, JR. (P34564)
                                                  Attorneys for Plaintiff
                                                  1024 N. Michigan Avenue
                                                  Saginaw, Michigan 48602
                                                  (989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, BARBARA E. HINE, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: June ___, 2015        By: _____
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414